UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD KNOX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-02581-E |
| | § | |
| EQUIFAX INFORMATION | § | |
| SERVICES LLC, EXPERIAN | § | |
| INFORMATION SOLUTIONS, INC., | § | |
| TRANS UNION LLC, AND | § | |
| NATIONSTAR MORTGAGE LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Judgment on the Pleadings or, in the Alternative, to Stay the Proceedings filed by defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC (Doc. No. 27). Having considered the motion, the parties' briefing, and applicable law, the Court finds that the motion should be GRANTED.

### BACKGROUND

The following information is taken from plaintiff Ronald Knox's complaint (Doc. No. 1). Knox is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (FCRA). Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC (the CRA Defendants) are consumer reporting agencies.

In September 2003, Knox secured a mortgage on his home with Spectrum Mortgage. In March 2013, Knox filed for Chapter 13 bankruptcy. Sometime between 2014 and 2017, Knox's mortgage was transferred to defendant Nationstar Mortgage, LLC (Nationstar). Knox was discharged from bankruptcy in January 2017 and made regular monthly mortgage payments "since

that time." In January 2018, he entered into a modification agreement with Nationstar. Thereafter, Knox made his mortgage payments timely.

In June 2019, Knox requested and received copies of his credit reports from the CRA Defendants. On or about July 11, 2019, he disputed the accuracy of the reports due to the absence of the Nationstar mortgage account following his discharge from bankruptcy and execution of the modification agreement. Knox requested that the CRA Defendants "conduct a reasonable investigation and/or remedy the inaccuracies" in his credit reports. The CRA Defendants, however, "failed to correct the inaccurate information" and did not evaluate or consider his "information, claims or evidence."

In October 2019, Knox filed this suit against the CRA Defendants under FCRA, asserting claims related to the omission of the Nationstar mortgage from his credit reports. The CRA Defendants jointly have for moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), asserting Knox's complaint fails to state a claim upon which relief can be granted (Doc. No. 27).

## LEGAL STANDARD

Rule 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed but early enough so as not to delay trial. *See* FED. R. CIV. P. 12(c). A Rule 12(c) motion is decided under the same standard as a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). The Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007 (internal quotation marks and citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint "does not need detailed factual allegations," but the "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Knox alleges the CRA Defendants violated FCRA sections 1681e(b) and 1681i. Section 1681e(b) requires a consumer reporting agency to "follow reasonable procedures to assure maximum possible accuracy of the information" in a consumer's report. 15 U.S.C. § 1681e(b). Section 1681i requires a consumer reporting agency to "conduct a reasonable reinvestigation" if "the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer." 15 U.S.C. § 1681i(a)(1)(A). To prevail on a claim "under either Section 1681e(b) or Section 1681i, [a plaintiff] must prove that his consumer reports included inaccurate information." *Hammer v. Equifax Info. Servs., LLC*, No. 3:18-CV-1502-C, 2019 WL 7602463, at *2 (N.D. Tex. Jan. 16, 2019) (quoting *McDonald v. Equifax Inc.*, No. 3:15-CV-3212-B, 2017 WL 879224, at *6 (N.D. Tex. Mar. 6, 2017) (internal citations omitted)).

Several district courts have held, and this Court is persuaded, that "a consumer reporting agency is not required to include a particular account in a credit report." *Coyle v. Experian Info. Solutions, Inc.*, No 3:19-cv-02645-M, 2020 WL 3052228, at *2 (N.D. Tex. June 7, 2020) (collecting cases); *Hammer*, 2019 WL 7602463, at *2 ("FCRA does not impose . . . an affirmative duty upon credit reporting agencies to report trade lines"). As a result, "omission of a particular obligation

from a credit report is not an FCRA violation." *See Coyle*, 2020 WL 3052228, at *3 (granting Rule 12(c) motion on plaintiff's section 1681e(b) and 1681i claims when she alleged only that a particular account was not reported).

In this case, Knox does not allege that his credit reports contained inaccurate information; instead, he complains the omission of the Nationstar mortgage account rendered the credit reports inaccurate. Because Knox does not challenge the accuracy of any of the information in the reports, the Court finds he has not plausibly pleaded a violation of the FCRA sections 1681e(b) or 1681i by the CRA Defendants. *See Coyle*, 2020 WL 3052228, at *3; *Hammer*, 2019 WL 7602463, at *2.

Accordingly, the CRA Defendants' Motion for Judgment on the Pleadings (Doc. No. 27) is **GRANTED**. Knox's claims against the CRA Defendants in this action are **DISMISSED with prejudice**.

**SO ORDERED**; signed July 28, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE